UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:22-cv-446-JWH (MAR)                    Date:  January 25, 2022

Title:  **Rayon Jones v. Madden**

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:  (In Chambers) ORDER TO SHOW CAUSE:  WHY PETITION SHOULD
NOT BE SUMMARILY DISMISSED AS UNTIMELY

## I.
## INTRODUCTION

Petitioner Rayon Jones ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254").  ECF Docket No. ("Dkt.") 1.  The Petition appears untimely.  However, the Court will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to explain why the Petition is not untimely.

## II.
## PROCEDURAL HISTORY

On November 25, 2019, Petitioner was convicted of Cal. Pen. Code § 211.  Id. at 2.  Though the Petition indicates that Petitioner appealed his conviction, the information provided for Petitioner's appeals is identical to that provided for Petitioner's state habeas Petitions.  Id. at 2–5.  Thus, it is unclear whether Petitioner appealed his conviction, filed habeas petitions in state court, or both.

Petitioner indicates he filed a habeas petition in "CCB court Los Angeles" on June 24, 2021.[2]  Id.  A case search on the California Courts Appellate Courts Case Information website reveals that: (1) on July 12, 2021, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal, which the court denied on August 11, 2021;[3]  and (2) on September 13, 2021, Petitioner filed a

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] Petitioner indicates that the court denied the petition on June 23, 2021, one day before he filed it.  Dkt. 1 at 4–5.  The Court assumes this was a mistake, as it is impossible for the court to deny a petition that has not yet been filed.  It is therefore unclear when this petition was denied by the Los Angeles court.

[3] See California Courts, Appellate Courts Case Information, 2nd Appellate District, Docket (https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2353359&doc_no=B313530&reque

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-446-JWH (MAR)                    Date:  January 25, 2022

Title:   **Rayon Jones v. Madden**

petition for writ of habeas corpus in the California Supreme Court, which the court denied on December 15, 2021.[4]  It does not appear from the Case Information website that Petitioner directly appealed his conviction to either the Court of Appeal or California Supreme Court.

Petitioner constructively filed the instant Petition on January 11, 2022.  Dkt. 1 at 15.

**III.**
**DISCUSSION**

A.    **THE PETITION IS UNTIMELY AND SUBJECT TO DISMISSAL**

   1.    **The Petition was filed after AEDPA's one-year limitations period**

      a.    **Applicable law**

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).

      b.    **Analysis**

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Here, it does not appear that Petitioner pursued direct review of his conviction.  Therefore, Petitioner's conviction became final on January 25, 2020, i.e., sixty (60) days after the time expired for Petitioner to appeal his conviction  See Dkt. 1; see also Cal. R. Ct. 8.304, 8.308 (state court rules setting forth 60-day time period in which to initiate criminal appellate proceedings).  AEDPA's one-year limitations period commenced the next day, January 26, 2020, and expired on January 26, 2021.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on January 11, 2022.  Dkt. 1 at 15.

---

st_token=NiIwLSEmPkw%2BW1BZSCNdVEtIUEg6USxXIiIuUzlTMCAgCg%3D%3D) (last accessed on January 25, 2022).

[4] See California Courts, Appellate Courts Case Information, Supreme Court, Docket (https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2358225&doc_no=S270872&request_token=NiIwLSEmPkw%2BW1BZSCNdTEJIIEQ0UDxTJCJeJz1TUCAgCg%3D%3D) (last accessed on January 25, 2022).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-446-JWH (MAR)                               Date:  January 25, 2022

Title:   **Rayon Jones v. Madden**

Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").  Thompson, 681 F.3d at 1093.

**2.      Petitioner is not entitled to a later trigger date**

**a.      Applicable law**

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final.  28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]"  28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).  A different triggering date, therefore, may apply to each claim in a petition.  Id.

**b.      Analysis**

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims.  See 28 U.S.C. § 2244(d)(1).

**3.      Statutory tolling does not render the Petition timely**

**a.      Applicable law**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-446-JWH (MAR)                              Date:  January 25, 2022

Title:     **Rayon Jones v. Madden**

Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits."  <u>King v. Roe</u>, 340 F.3d 821, 823 (9th Cir. 2003).  However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

      **b.**      **Analysis**

      Here, AEDPA's one-year statute of limitations expired on January 26, 2021, almost five (5) months before Petitioner filed his first habeas petition in state court on June 24, 2021.  <u>See</u> 28 U.S.C. § 2244(d)(1); Dkt. 1 at 4–5, 15.  The limitations period can not be tolled by a state petition filed after the period had already expired, and thus statutory tolling does not render the Petition timely.  <u>See</u> <u>Ferguson</u>, 321 F.3d at 823.

      **4.**      **Equitable tolling does not render the Petition timely**

      **a.**      **Applicable law**

      In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  <u>Doe v. Busby</u>, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  <u>Bills v. Clark</u>, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  <u>Forbess v. Franke</u>, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'"  <u>Rudin v. Myles</u>, 781 F.3d 1043, 1055 (9th Cir. 2015).

      **b.**      **Analysis**

      Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  <u>Bills</u>, 628 F.3d at 1097.

**IV.**
**ORDER**

      The Court will not make a final determination regarding whether the Petition should be dismissed as untimely before giving Petitioner an opportunity to explain why the Petition is timely or why he is entitled to tolling.  Thus, the Court **ORDERS** Petitioner to show cause **within twenty-**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-446-JWH (MAR)                    Date:  January 25, 2022

Title:    **Rayon Jones v. Madden**

**one (21) days of this Order, by February 15, 2022,** why the Petition should not be dismissed as untimely.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |